IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID STRINGER, JR., #09231-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv196 *Consolidated with* 4:10cv450 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant David Stringer, Jr., an inmate confined in FCI Petersburg in Petersburg, Virginia, proceeding *pro se*, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

Movant is challenging his conviction for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a). On June 14, 2002, after being found guilty, he was sentenced to 360 months of imprisonment. The Fifth Circuit Court of Appeals affirmed Movant's conviction on March 13, 2003.

The present petition was filed on April 19, 2010. Movant executed his motion on April 15, 2010. Thus, he could not have placed the motion in the prison mailing system at any time prior to that date. Accordingly, his motion is deemed filed on April 15, 2010, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Movant alleged that he is entitled to relief because his conviction was obtained through an illegal search, the failure to disclose exculpatory evidence, and insufficient evidence. A Report and Recommendation was filed,

1

recommending that the motion be dismissed as untimely filed. Based on objections from Movant, the Government was ordered to file a Response. Movant alleged that his motion should not be dismissed as untimely as it was based on new evidence.

## Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000).

In the present case, Movant was sentenced on June 14, 2002. The Fifth Circuit Court of Appeals affirmed his conviction on March 13, 2003. He did not file a writ of certiorari in the United States Supreme Court. Thus, Movant's conviction became final ninety days later on June 11, 2003, the last day on which he could have filed a petition for writ of certiorari in the United States Supreme Court. *See* Sup. Ct. R. 13(1) (providing that a petition for writ of certiorari is timely when it is filed with the clerk of this Court within 90 days after entry of the judgment," *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 1079, 155 L. Ed.2d 88 (2003). Accordingly, Movant's motion was due no later than June 11, 2004. Movant filed his § 2255 motion on April 15, 2010 - five years, ten months, and four days beyond the expiration of the one-year limitation period.

The Supreme Court discussed the issue of whether the AEDPA limitations period may be equitably tolled. In *Lawrence v. Florida*, 549 U.S.327, 127 S. Ct. 1079, 166 L. Ed.2d 924(2007), the Supreme Court, without deciding if equitable tolling is available, stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 1085; *Johnson v. Quarterman*, 483

F.3d 278, 286 (5th Cir. 2007). The Fifth Circuit specified that the decision is in accord with its case law holding that equitable tolling is available only in rare and exceptional circumstances where it is necessary to "preserve a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Id*.

As a general rule, equitable tolling has historically been limited to situations where the movant "has actively pursued [his] judicial remedies by filing a defective proceeding during the statutory period, or where the [movant] has been induced or tricked by [his] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required).

In this case, Movant claims that he is entitled to equitable tolling based on new evidence in his case. Specifically, he alleges that he has only recently discovered that the Denton County Magistrate Judge who signed the warrant to search his home, Judge Earlean Cobbin Murphy was not a magistrate judge duly authorized to sign a warrant at the time that she signed his warrant on July 26, 1999. He alleges that because of his lack of funds, his isolation in federal custody, and the lack of access to legal resources, he was prevented from confirming the rumor that Judge Murphy was not a judge at the time she signed his warrant. The Government, in its Response, provided evidence that Judge Murphy was appointed to be an alternate judge for the City of Denton Municipal Court in July 1996. Moreover, Movant could have discovered this in July, 1999, when Judge Murphy signed the search warrant. The names of sitting judges for the City of Denton Municipal Court are public information. Thus, Movant could have ascertained this information in 1999 free of charge. Consequently, this information is not newly discovered evidence.

In conclusion, Movant has not shown any valid basis upon which to equitably toll the statute of limitations. He filed his motion 2134 days beyond the limitations period; accordingly, the motion

should be dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37,

4

123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is recommended that the above-styled motion for relief under 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 1st day of May, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE